IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTWAN M. CHASE          *
    Plaintiff,
  v.          *   CIVIL ACTION NO. JFM-10-1678

BALTIMORE CO. POLICE PRECINCT, et al. *
    Defendants.
                   ***

MEMORANDUM

Antwan M. Chase, who is detained at the Baltimore County Detention Center, filed a packet of documents with this court on or about June 21, 2010. The papers comprise a hodgepodge of motions and missives. The jurisdiction a basis and thrust of Chase's filings is difficult to decipher. Chase provides several pages of run-on, single-spaced statements which reference the Maryland Freedom of Information Act and cite to state rules and legislation; seemingly seek discovery of "suppressed" materials in state court matters; discuss his defense representation in an unspecified state court criminal case and matters involving his attorney and the Attorney Grievance Commission; reference a 2003 state court case;[1] and allege that a state courthouse sheriff used handcuffs in an abusive manner by applying them too tightly.

When generously construing the *pro* se filing, Chase's action has been construed as a hybrid request under the Freedom of Information Act ("FOIA") and petition for writ of mandamus under 28 U.S.C. § 1361.

The FOIA, 5 U.S.C. § 522, provides a mechanism for citizens to obtain documents from federal agencies, and grants the federal district courts jurisdiction to review agency compliance with

---

[1] Chase appears to reference 2003 and 2010 prosecutions in Baltimore County. The state court criminal docket shows that on April 22, 2010, he was charged with theft under $100.00, disorderly conduct, and drug possession. *See State v. Chase*, Criminal No. 6C00323728 (District Court for Baltimore County). The charges remain pending. It is not clear where Chase is seeking to attack one or the other prosecutions or both.

citizens' requests. From a review of Chase's vague request and his state custodial situation, it is not clear if he is requesting state or federal records. To the extent that he seeks the production of records from a state agency, the FOIA is inapplicable. Relevant Statutes and case law precludes application of the FOIA to a state agency. *See* 5 U.S.C. § 551(1) ("Agency means each authority of the government of the United States...."); *St. Michael's Convalescent Hospital v. California,* 643 F.2d 1369, 1372 (9th Cir. 1981) (refusing to apply FOIA or Privacy Act to state agencies receiving federal funding or subject to federal regulation); *Ferguson v. Alabama Criminal Justice Center*, 962 F.Supp 1446 (M.D. Ala. 1997); *Mamarella v. County of Westchester,* 898 F.Supp. 236, 237 (S.D.N.Y.1995) (holding that FOIA and Privacy Act do not apply to states agencies or individual officials). Chase is not without recourse. Under Maryland law, a petitioner may file a complaint with the appropriate State circuit court, as set forth under Md. Code Ann., State Government, § 10-623, after first attempting state administrative review of the official refusal to provide the requested information. *Id.,* § 10-622.

To the extent that Chase is asking this court to order state court prosecutors and judges to produce or suppress evidence, the court has no authority to take such action under its mandamus power.[2] *See AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) (federal court has no mandamus jurisdiction to compel state authorities to take action).

---

[2] Chase's papers were also treated, in part, as motions for discovery and to suppress physical evidence. This court's jurisdiction over any FOIA and mandamus request has already been discussed. In addition, insofar as Chase seeks direct federal court involvement in his state criminal proceedings, the court is without jurisdiction to so do. The motions shall be denied.

The court finds that the instant matter is subject to dismissal.[3] A separate order effecting the rulings made in this opinion is entered herewith.

Date: __June 29, 2010_____       ____/s/_____
                                             J. Frederick Motz
                                             United States District Judge

---

[3] Chase's vague comment regarding the use of excessive force shall be dismissed without prejudice.